## SHERWOOD v. AMERICAN SUGAR REFINING CO.

(District Court, E. D. of New York. October 21, 1924.)

Shipping ⊕⇒49(3)—Hirer of derrick boat, liable for extra charge if it worked more than eight hours daily, held not entitled to set off night shifts against days when it did not work.

One hiring derrick boat for certain number of days, during which, if needed, it might be worked eight hours, and who was liable for extra charge if worked more than eight hours on any single day, *held* not entitled to set off night shifts, when boat was worked, against days when it did not work at all.

In Admiralty. Libel by E. C. Sherwood against the American Sugar Refining Company. On exceptions of respondent to commissioner's report. Exceptions overruled, and report confirmed.

See, also, 287 F. 721.

Macklin, Brown & Van Wyck, of New York City (Paul Speer, of New York City, of counsel), for libelant.

Haight, Smith, Griffin & Deming, of New York City (Frank A. Paul and Clarence Bishop Smith, both of New York City, of counsel), for respondent.

GARVIN, District Judge. Exceptions to a commissioner's report, which finds that the sum of $2,859.90 is due the libelant from the respondent for hire of the former's derrick boat for a period of .68 days, during which extra shifts of labor were used in addition to the ordinary working hours per day, have been filed by the respondent.

The court has read with great care the testimony produced at the hearing before the commissioner and is of the opinion that the evidence supports his findings. Libelants' witnesses were men who actually worked on the boat and they very clearly establish that the boat worked at least two shifts per day, often three shifts, from July 29,

1920, to October 16, 1920. The testimony of respondents' witnesses cannot be accorded great weight, since they were not so intimately connected with the boat, and were not able to state very definitely from their own recollections the exact time the boat did work, and they did not produce at the hearing records which they claimed would have borne out their statements that the boat did not work continuously two and three shifts per day.

Respondent cannot claim that the night shifts should offset the days when the boat did not work at all, during some period of the entire contract. The respondent paid the libelant for the use of the boat for a certain number of days, during which it might be used, if the respondent needed it, for eight hours of work. It could not be used for more than eight hours of work on any single day without an extra charge being made. Such was the ruling of this court in its opinion dated December 15, 1922.

The court has disregarded all testimony introduced at the hearing by which respondent sought to persuade the commissioner to place an interpretation upon the contract at variance with the interpretation which the court has already adopted in the opinion aforesaid.

The exceptions to the commissioner's report are overruled, and the report is confirmed.